UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DALE EMRICH,

    Plaintiff,                      Case No. 3:16-cv-00291

vs.

COMMISSIONER OF                  District Judge Walter H. Rice
SOCIAL SECURITY,                 Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g); (2) THIS MATTER BE REMANDED TO THE ALJ FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (docs. 6, 7), and the record as a whole.[2]

**I.**

**A.    Procedural History**

Plaintiff filed an application for SSI on April 28, 2010, claiming a number of impairments, including residuals of a compression fracture of the T8 vertebra, chronic

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

obstructive pulmonary disease, degenerative disk disease of the cervical spine, a history of a seizure disorder, depression, and anxiety. PageID 38, 161-64.

After an initial denial of his application, Plaintiff received a hearing before ALJ David Redmond on January 5, 2012. PageID 121-59. ALJ Redmond issued a written decision on June 21, 2012 finding Plaintiff not disabled. PageID 40-53. On August 30, 2013 the Appeals Council denied Plaintiff's request, and Plaintiff appealed to this Court. PageID 586. On September 30, 2014, this Court remanded the case under Sentence Four for further proceedings based on the parties' joint motion to remand. PageID 594-95.

On remand, Plaintiff received a second hearing before ALJ Mark Hockensmith on November 2, 2015. PageID 512. On January 8, 2016, ALJ Hockensmith issued a written decision finding Plaintiff not disabled. PageID 462-72.

Thereafter, the Appeals Council denied review on May 13, 2016, making ALJ Hockensmith's non-disability finding the final administrative decision of the Commissioner. PageID 58-60. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal"). ALJ Hockensmith's decision is now before the Court for review.

B. **Evidence of Record**

In his decision, ALJ Hockensmith set forth a detailed recitation of the underlying medical evidence in this case. PageID 467-75. Plaintiff, in his Statement of Errors, also summarizes the evidence of record. Doc. 9 at PageID 1647-56. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to

Plaintiff's summary. Doc. 10 at PageID 1667-77. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability Defined"

To be eligible for disability benefits, a claimant must be under a "disability" as defined

3

by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's Residual Functioning Capacity ("RFC"), can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that ALJ Hockensmith failed to: (1) give appropriate weight to his treating physician, Bernadette DeGuzman, M.D.; (2) properly weigh the opinions of his non-treating sources; (3) adequately consider his carpal tunnel syndrome as

4

an impairment; and (4) find him credible. Doc. 9 at PageID 1656. Finding Plaintiff's first alleged error to be well taken, the undersigned does not address the merits of Plaintiff's remaining three claims.[3]

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(d)(2). A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of

---

[3] Nevertheless, on remand, the undersigned directs that the ALJ assess Plaintiff's credibility anew following a meaningful explanation of the weight accorded to the medical source opinions.

the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c)(2), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

On April 28, 2010, Plaintiff's alleged onset date of disability, he had a seizure and fractured his T8 vertebra, resulting in a nearly two-week hospitalization. PageID 222-57. Dr.

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

DeGuzman began treating Plaintiff in December 2010 as his primary care physician. PageID 395. Dr. DeGuzman offered two medical opinions regarding Plaintiff's physical impairments and capabilities after his fall. PageID 453-54.

In Dr. DeGuzman's May 16, 2012 opinion, she identified Plaintiff's symptoms as including intermittent dizziness, chronic mid-back pain, and headaches. PageID 453-54. As to limitations, she opined that Plaintiff had a capacity for only four to six hours of work per day. *Id*. She also restricted Plaintiff to lifting no more than twenty pounds and occasional bending, stooping, and balancing. *Id*. Dr. DeGuzman lastly indicated that Plaintiff could only frequently raise either of his arms above shoulder level. *Id*.

In Dr. DeGuzman's October 29, 2015 opinion, she identified Plaintiff's symptoms as including chronic back pain and dizziness while recounting his pertinent medical history as including a thoracic vertebral fracture and migraine headaches. PageID 1578-79. She also recounted her most recent examination finding of a reduced spinal range of motion. *Id*. As to functional limitations, Dr. DeGuzman opined that Plaintiff has the capacity for only four hours of work per day. *Id*. She also opined that Plaintiff should avoid lifting greater than ten pounds and needs the latitude to elevate his legs for up to one third of each workday. *Id*.

In weighing Dr. DeGuzman's opinions, the ALJ found that they were not to entitled to controlling or deferential weight. PageID 472. Specifically, the ALJ found the following:

> When evaluated under these guidelines, the conclusion of Dr. DeGuzman that the claimant is disabled/unemployable cannot be given controlling, or even deferential, weight. In her initial questionnaire, she reported that the claimant would be able to perform light work, albeit on a part-time basis. On the later questionnaire, she reported that the claimant could perform sedentary work, but again on a part-time basis. I accept that the claimant's condition gradually worsened over time, hence limiting him to sedentary work on the latter questionnaire. However, the medical evidence, including her own chart notes, do not support that the claimant would be that limited, based on the claimant's own report of his

7

>activities, which included lifting an air condition and putting up paneling in his mother's home. I have afforded her medical opinion that the claimant can performed sedentary work great weight, as it is supported by the medical evidence, but little weight to her opinion that the claimant would be unable to work only four hours a day, as the physician provided no objective support for this limitation, and it is inconsistent with the objective medical evidence of record.

PageID 472 (citations omitted). The Court agrees with Plaintiff that the ALJ erred in assessing the weight to be reasonably accorded to Dr. DeGuzman's opinions.

First, the ALJ's finding -- that Plaintiff's daily activities were inconsistent with Dr. DeGuzman's opinions -- is unsupported by substantial evidence. PageID 472. The undersigned finds that, absent meaningful explanation by the ALJ, it is unclear how Plaintiff's report of "putting up paneling in his mother's home" and attempting, unsuccessfully, to "lift an air conditioner" wholly undermines Dr. DeGuzman's opinions. PageID 65; *see Meece v. Barnhart,* 193 F. App'x 456, 465 (6th Cir. 2006) (finding "the fact that Plaintiff engages in minor life activities not inconsistent with disabling" limitations). This is especially so in this case, where both of the activities listed by the ALJ precipitated visits by Plaintiff to Dr. DeGuzman. For example, Plaintiff reported to Dr. DeGuzman that he experienced chronic back pain with sharp muscle spasms after "trying to pull an air conditioning unit out of his window. . . ." PageID 363. Similarly, Plaintiff reported to Dr. DeGuzman that he had an increase in pain, especially in his neck, and was unable to subsequently sleep due to pain after he attempted to put up paneling at his mother's house. PageID 1183. Accordingly, the mere fact that Plaintiff reported trying to put up paneling and trying to remove an air conditioner does not provide substantial evidence for the ALJ to discount Dr. DeGuzman's opinions.

Second, the ALJ erred in finding that the difference in Dr. DeGuzman's opinions in the amount of hours she recommended Plaintiff could work per day -- 4-6 hours per day in her May

16, 2012 opinion and no more than 4 hours per day in her October 29, 2015 opinion -- were unsupported by objective evidence. PageID 472. Specifically, the ALJ concluded that Dr. DeGuzman offered no objective evidence in support of the change in her opinion. *Id.* In her October 29, 2015 opinion, Dr. DeGuzman reported that her most recent examination of Plaintiff showed that Plaintiff had a reduced spinal range of motion. PageID 1578-79. Dr. DeGuzman ordered cervical MRIs of Plaintiff in August 2012 and September 2015. PageID 1070, 1076, 1545. The cervical MRI in September 2015 showed the following changes: "interval development of a focal 3 mm left foraminal disc protrusion at C6-7 moderately narrowing the left neural foramen"; and a "broad central disc protrusion at C5-6 which [had] increased in size since the previous exam and results in mild spinal canal stenosis and mild bilateral neural foraminal narrowing." PageID 1545. The changes in Plaintiff's MRI are objective evidence in support of Dr. DeGuzman's finding in her October 29, 2015 opinion that Plaintiff suffered from a reduced range of spinal movement and her recommendation that Plaintiff should be limited to working only 4 hours a day rather than 4-6 hours per day. Therefore, the undersigned finds the ALJ's conclusion to the contrary to be unsupported by substantial evidence.

Third, the ALJ's finding -- that Dr. DeGuzman's opinions were inconsistent "with the objective medical evidence of record" -- is impermissibly vague. PageID 472. The ALJ failed to identify any specific parts of the record that were inconsistent with Dr. DeGuzman's opinions. An ALJ has a duty to meaningfully articulate the reasons he or she has credited or rejected particular sources of evidence with sufficient specificity as to allow the reader to follow the ALJ's reasoning. *See Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376-78 (6th Cir. 2013); *accord McHugh v. Astrue,* No. 1:10–cv–734, 2011 WL 6130824, at *4 (S.D. Ohio Nov. 15, 2011) (holding that "as a rule, the ALJ must build an accurate and logical bridge between the

evidence and his conclusion . . . When an ALJ fails to mention relevant evidence in his or her decision, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored) (brackets added; internal quotations and citations omitted").

Finally, the undersigned also finds the ALJ's analysis of Dr. DeGuzman's opinions does not reflect consideration of any of the deferential weight factors required to be analyzed under 20 C.F.R. § 416.927(c). *Blakley*, 581 F.3d at 406 (stating that when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors" set forth in 20 C.F.R. § 416.927(c)). Here, the ALJ failed to mention Dr. DeGuzman's long-term treatment relationship with Plaintiff and how she could, therefore, provide a meaningful, "detailed, longitudinal picture of [Plaintiff's] medical impairment[,]" as contemplated by the regulations. *See* 20 C.F.R. § 416.927(c)(2). Such a failure constitutes reversible error. *See Matta v. Colvin*, 5:12-cv-2167, 2013 WL 454596, at *8 (Aug. 27, 2013).

Based upon the foregoing, the Court finds the ALJ's assessment of Dr. DeGuzman's opinion unsupported by substantial evidence and therefore meriting reversal.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan,* 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health &*

*Human Servs.,* 17 F.3d 171, 176 (6th Cir.1994); *see also Abbott v. Sullivan,* 905 F.2d 918, 927 (6th Cir.1990); *Parley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 782 (6th Cir.1987).

This is an unusual case considering its age -- more than seven years old -- together with an unsound non-disability decisions by an ALJ which necessitated a Remand Order from this Court followed by a second administrative hearing and second non-disability decision by another ALJ. Given these circumstances and the strong, uncontroverted evidence of record in support of a finding of disability based on Plaintiff's impairments resulting from his fall, there is no just reason to further delay this matter for even more administrative procedures. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (remanding for benefits after two remands and three administrative hearings and finding); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) ("Because of the medical record, we think it unconscionable to remand this eight year old case to the Secretary for further review.").

Accordingly, this case must be remanded for an immediate award of benefits.

### V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** for an immediate award of benefits; and

3. This case be **CLOSED**.

Date: 7/6/2017                                s/ Michael J. Newman
                                              Michael J. Newman
                                              United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).