IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DALE EMRICH,

 Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

 Defendant.

:
:
:
:
:

Case No. 3:16-cv-291

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #12), AND OVERRULING OBJECTIONS OF DEFENDANT
NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY (DOC. #13), TO SAID JUDICIAL FILING; JUDGMENT SHALL
ENTER IN FAVOR OF PLAINTIFF DALE EMRICH AND AGAINST THE
DEFENDANT COMMISSIONER, REVERSING THE COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE,
NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT,
AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER
PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR
THE IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff Dale Emrich ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 6, 2017, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #10, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be vacated, and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g)

for an immediate award of benefits. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6-7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #12, and OVERRULES the Defendant Commissioner's Objections, Doc. #13, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the captioned cause for an immediate award of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d

126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Beyond a single conclusory statement in her Objections, Doc. #13, PAGEID #1712, the Commissioner does not appear to object to Magistrate's Judge's recommendation that the Administrative Law Judge's ("ALJ") decision be reversed as not supported by substantial evidence. Rather, she objects to the recommendation that the captioned cause be remanded for an immediate award of benefits, rather than for further proceedings. *Id.*, PAGEID #1711-12. Remand for award of benefits under sentence four of 42 U.S.C. § 405(g) is appropriate "only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Commissioner argues that, even if the ALJ improperly evaluated the opinion of Plaintiff's treating physician, Dr. Bernadette DeGuzman, "there were a number of medical opinions in the record finding that Plaintiff was capable of a range of work." Doc. #13, PAGEID #1711 (citing Doc. #6-3, PAGEID #93-95, 97, 106; Doc. #6-7, PAGEID #269-70, 388). Further, the Commissioner claims that "the objective evidence in the record[,]" including records of Plaintiff's treatment with Dr. DeGuzman, "showed largely normal results." *Id.*, PAGEID #1712 (citing Doc. #6-7, PAGEID #366, 382, 384, 427; Doc. #7-7, PAGEID #863; Doc. #7-9, PAGEID #1480-81, 1490-91, 1505-06, 1510, 1514-15). As there is more than a *de minimis* amount of evidence supporting a finding of non-disability, remand for an award of benefits is inappropriate. *Id.*

4

The Commissioner's focus on the relative weight of the evidence is inappropriate in this case. As Plaintiff notes in his response brief, other evidence of record is not evaluated in determining disability unless the opinion of the treating physician, Dr. DeGuzman, is not afforded controlling weight. Doc. #14, PAGEID #1717-18 (citing 20 C.F.R. § 404.1527(c)(2)). Pursuant to the Commissioner's regulations for disability claims filed prior to March 27, 2017, a treating medical source opinion is to be afforded "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record[.]" 20 C.F.R. § 404.1527(c)(2). The Magistrate Judge described in detail Plaintiff's treatment history with Dr. DeGuzman, including clinical findings, and how the treatment history and clinical findings support her opined limitations as to Plaintiff's ability to sustain full-time work. Doc. #12, PAGEID #1704-06. Further, the ALJ's statement "that Dr. DeGuzman's opinions were inconsistent 'with the objective medical evidence of record'—is impermissibly vague." Doc. #12, PAGEID #1706 (citing Doc. #7-1, PAGEID #472). As the Magistrate Judge correctly notes, the ALJ must go beyond that conclusory statement and provide "sufficient specificity as to allow the reader to follow the ALJ's reasoning." Id. The Commissioner's citation of specific evidence in her Objections, Doc. #13, PAGEID #1711-12, is an impermissible attempt to provide such specificity retroactively.

Because Dr. DeGuzman's opinions were from a treating source and well-supported by her clinical and diagnostic techniques, and the ALJ did not cite substantial evidence of record that was inconsistent with those opinions, the ALJ was required to give those opinions controlling weight. 20 C.F.R. § 404.1527(c)(2). As the ALJ

5

concedes that Dr. DeGuzman's opined impairments were such that, if adopted, Plaintiff would not be capable of sustaining full-time employment, Doc. #7-1, PAGEID #472, the ALJ was required to find that Plaintiff was disabled under the Act. Thus, a remand for benefits, rather than further proceedings is appropriate.

2. In her Objections, the Commissioner posits that "Magistrate Judge Newman's primary impetus for remanding for an immediate award of benefits appears to be the length of time this case has been pending." Doc. #13, PAGEID #1710 (citing Doc. #12, PAGEID #1708). While the Commissioner is correct that the length of time a case has been pending is not itself sufficient to support an award of benefits, she misstates the Magistrate Judge's logic. The Magistrate Judge first concluded—correctly—that proper application of the treating physician rule dictated remand. Doc. #12, PAGEID #1707. Only after reaching that conclusion did the Magistrate Judge reason—correctly—that given the length of the case, the previous errors made at the administrative level, and the evidence of record, remand for further proceedings would serve no purpose other than undue delay. *Id.*, PAGEID #1708 (citations omitted).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #12, and overrules the Defendant Commissioner's Objections to said judicial filing. Doc. #13. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the captioned cause to the

Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 11, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE